**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2330**

STEPHEN F. BUZZELL; KIMBERLY B. BUZZELL,

       Plaintiffs - Appellants,

    v.

JP MORGAN CHASE BANK, as Trustee; RESIDENTIAL FUNDING
CORPORATION, a/k/a Residential Funding Company, LLC,

       Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  James R. Spencer, Senior
District Judge.  (3:13-cv-00668-MHL)

Submitted:  March 18, 2016        Decided:  March 31, 2016

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen F. and Kimberly B. Buzzell, Appellants Pro Se.  Jennifer
Elle Bowen, Andrew Brian Pittman, TROUTMAN SANDERS, LLP,
Virginia Beach, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen F. and Kimberly B. Buzzell appeal from the district court's order staying the proceedings in the district court pending resolution of the state court case in which they asserted the same claims for breach of contract and constructive fraud arising out of the foreclosure sale of their residence.[*] The action in the district court was filed against JP Morgan, which was previously determined to be in privity with the lenders in the action in the state court. Because resolution of the state court proceeding will result in res judicata application to the district court case, we have jurisdiction to address this appeal. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 10 (1983); see also Columbia Gas Transmission, LLC v. David N. Martin Revocable Trust, 833 F. Supp. 2d 552, 558 (E.D. Va. 2011) (providing standard for res judicata).

A district court's order granting a stay of its own proceedings is reviewed for an abuse of discretion. Maryland v. Universal Elections, 729 F.3d 370, 375 (4th Cir. 2013). In determining whether to grant the requested stay, the district court should "balance the various factors relevant to the

---

[*] The proceedings continue to be stayed as to Residential Funding Corporation due to its bankruptcy filing. See 11 U.S.C. § 362(a) (2012).

2

expeditious and comprehensive disposition of the causes of action on the court's docket." <u>United States v. Ga. Pac. Corp.</u>, 562 F.2d 294, 296 (4th Cir. 1977).

The pendency of a state court action does not bar a substantially similar proceeding in federal court unless exceptional circumstances exist. <u>See</u> <u>McLaughlin v. United Va. Bank</u>, 955 F.2d 930, 934-35 (4th Cir. 1992). Exceptional circumstances may be found based on the consideration of a number of factors. <u>See</u> <u>Moses H. Cone Mem'l Hosp.</u>, 460 U.S. at 21-27; <u>McLaughlin</u>, 955 F.2d at 934; <u>New Beckley Mining Corp. v. Int'l Union, UMWA</u>, 946 F.2d 1072, 1074 (4th Cir. 1991). After considering these factors, the district court determined that they weighed in favor of staying the proceeding. We have reviewed the record and find no abuse of discretion by the district court in staying the action pending resolution of the state court action. <u>See</u> <u>Universal Elections</u>, 729 F.3d at 375.

Accordingly, we affirm the district court's order granting a stay of the action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3